The Supreme Court affirmed the decision of the Court below on February 1st, 1864, in the following opinion per
Agnew, J.:
There are nine specifications of error in this case, eight of which are drawn so as to bring the charge up before the Court as a whole, “not (as is stated in the printed argument) for the purpose multiplying the assignments of error, for in fact all but the last aré reducible to one principle.”
The-plaintiff in error having so treated the charge we may dismiss all the errors assigned to it by saying that as a whole we see no error in it. The real complaint of this plaintiff in error is that the Court below did not say what they were not asked to say ; that is, what is the legal character of the evidence necessary to overturn the presumption arising from a settlement. It cannot be said that the Court did not fairly lay down the law of settlement to the jury and its effect upon the claim of the plaintiff below, throwing upon him the burden of proof to show that hi» claim was taken out of it, Nor can it be said with truth that the evidence was weak, which tended to show that the $1,500 note was not taken in. The evidence certainly did show thoroughly that Matson took up this note with his own money, and then was entitled to hold it against Gheen, the drawer. There is no evidence showing that the possession of the note was out of Matson before he transferred it to the plaintiff below. The only transaction of business between Matson and Gheen was the sale of one thousand sheep belonging to Gheen and Chambers upon commission. The proof shows that these sheep were worth from $2,200' to $2,300 and also that the settlement between them related to this flock of sheep. The settlement took place in January or February. 1855, probably in the latter month, taking the date of the $209 note as a guide. But the plaintiff produced receipts and check dated from the 4th January, 1854, until the 20th January, 1855, showing actual payments to Chambers and Gheen amounting to $2,156. These sums with the note of $209 given at the settlement make $2,365. The proof does not show the exact amount of the sales of the 1000 sheep, but it does show that *154 Chambers and Gheen before giving them to Matson to sell for them asked $2.32 per head, making $2,320. Now clearly this was no weak and inconclusive proof, but it tended thoroughly to show that the only subject of settlement was the sale of the sheep. If these checks and receipts did not belong to the sheep transaction, what under the evidence did they relate to ? They came along from September to January, just the time when Matson would be paying Gheen and Chambers and ended just before the settlement. They amount to the sum for which the sheep must have been sold as nearly as we can judge, and of which the jury had thorough proof in the price offered to Gheen and Chambers and the price asked by them. The sums $250, $750, $630, $26, $500, correspond with the probabilities of payments on demand. Now how were the jury to get around or go over those payments. If the $1,500 note had been embraced it would have brought Gheen about $1,300 in debt.
Upon the whole case then this evidence was not so weak and inconclusive as to have made it the duty of the Court without any prayer for specific instructions to say to the jury it was such evidence as could not be relied upon. It is true there were facts and evidence which to some extent tended to break the force of the proof, but not so thoroughly as the plaintiff in error seems to believe, while its countervailing effect was for the jury. The character of the evidence therefore justified the learned judge of the Court below in leaving the case to the jury undertheinstruotions he gave to them, and if the defendant below (the plaintiff in error) desired a more specific instruction upon the quantum of evidence he ought to have asked it. Not having done so, we cannot .say there is any error in them.
The ninth error which relates to the $209 note is subject to the same remark.
The note was simply given in evidence as a matter connected with the settlement. If any special direction was needed it ought to have been asked for, or the omission remedied by a motion for a new trial. We can only say there was no misdirection used, therefore we cannot reverse.
Judgment of the Court below is to be affirmed.